[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 16, 1997
This is a malpractice action against a law firm alleging negligence on the part of the firm when it failed to offer CT Page 3680 sufficient evidence in a foreclosure action brought on behalf of plaintiff to withstand a judgment of dismissal. The one-day trial took place on December 1, 1992 when the trial court orally granted a motion to dismiss, subject to the writing of a memorandum of decision, which was subsequently filed on December 18, 1992.
The action was started by service on defendant law firm on December 15, 1995.
Defendant now moves for summary judgment on the ground that the action is barred by the three-year statute of limitations governing torts set forth in General Statutes § 52-577.
 I
Actions for legal malpractice based on negligence are subject to General Statutes § 52-577, the tort statute of limitations.Sanborn v. Greenwald, 39 Conn. App. 289, 301-02 (1995). "Section52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs . . . The three-year limitation period of § 52-577 begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury." Collum v. Chapin,40 Conn. App. 451-52, citing S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786
(1993); Fichera v. Mine Hill Corp., 207 Conn. 204, 212-13 (1988).
In the present case, the defendants argue that the act or omission set forth in the plaintiff's complaint occurred on December 1, 1992, when the court orally granted the foreclosure defendant's motion for judgment of dismissal.
The plaintiff argues that the statute of limitations on his malpractice action did not begin to run until the judge's written memorandum of decision was filed on December 18, 1992. The plaintiff further argues that since the plaintiff's counsel in the foreclosure action had the opportunity to request permission to reopen its case in chief, subject to the court's discretion, until judgment was entered the statute of limitations did not begin to run until a final judgment was rendered by the court.
II CT Page 3681
A judgment is in fact rendered in a cause tried to the court when the trial judge officially announces his decision orally in open court. Bogaert v. Zoning Board of Appeals, 162 Conn. 532,535 (1972).
As noted, supra, Connecticut case law is clear that under General Statutes § 52-577, the statute begins to run not when the injury is discovered but as of the time of the act or omission complained of, which is December 1, 1992.
Since this action is barred by the statute of limitations, defendant's motion for summary judgment is granted.
WAGNER, J.T.R.